134 July 1, 2026 No. 603

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAN M. VALDEZ,
aka Adan Valdez, aka Adan Manuel Valdez,
*Defendant-Appellant.*

Jackson County Circuit Court
24CR57707, 23CR57903; A186705 (Control), A186706

Laura A. Cromwell, Judge. (Judgment)

Christine Herbert, Judge (Supplemental Judgment)

Submitted May 8, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Supplemental judgment reversed and remanded.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Defendant appeals from a supplemental judgment imposing restitution, assigning error to the imposition of restitution without holding a restitution hearing. The state agrees that, under the circumstances, preservation is excused and that the trial court erred. We accept the concession, reverse the restitution order, and remand.

Defendant pleaded guilty to criminal mischief. The plea agreement provided that the state would have 90 days to determine restitution, and the judgment likewise provided that defendant would "[p]ay restitution in an amount to be determined as ordered and pursuant to ORS 137.106[]" as a special condition of probation. The state moved for entry of a supplemental judgment imposing restitution in the amount of $1,119. Without holding a hearing, the court entered a supplemental judgment ordering defendant to pay restitution in that amount.

"We review whether a trial court complied with the requirements for imposing restitution for errors of law." *State v. Smith*, 291 Or App 785, 788, 420 P3d 644 (2018). ORS 137.106(1)(b)(B) requires the trial court to set a restitution hearing after the state files a motion requesting that restitution be imposed, unless a defendant has stipulated to the amount of restitution, ORS 137.105(1)(b)(C).[1] Here, the trial court did not hold a restitution hearing and the parties agree that the record does not reflect that defendant stipulated to the amount of restitution. As the state correctly concedes, it was error to impose restitution under those circumstances.

Supplemental judgment reversed and remanded.

_____

[1] ORS 137.106(1)(b) provides, in pertinent part:

"(A) If the district attorney is unable to present restitution evidence at sentencing, within 90 days after sentencing the district attorney may file a motion requesting that either the judgment be amended to require restitution or that a supplemental judgment be entered requiring restitution. * * * * *

"(B) Upon receipt of a motion described in subparagraph (A) of this paragraph, the court shall set a hearing. If the defendant objects to the motion, the objection must be filed at least 15 days prior to the hearing and must contain a description of the nature of the objection.

"(C) If the parties stipulate to the order and amount of restitution, the court may cancel the hearing and amend the judgment or enter a supplemental judgment requiring the defendant to pay the stipulated amount of restitution."